UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-00349-FDW

| | |
|---|---|
| JOHN ANTHONY BARREIRO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| SUPERIOR COURT OF CHEROKEE ) | |
| COUNTY, and ) | |
| ASHLEY WELCH, DISTRICT ATTORNEY, ) | |
| PROSECUTORIAL DISTRICT 43, ) | |
| ) | |
| Respondents. ) | |
| ) | |

**THIS MATTER** is before the Court upon initial review of John Anthony Barreiro's pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] (Doc. No. 1.)

**I.    BACKGROUND**

Petitioner is a prisoner of the State of Florida, who was convicted of offenses he committed there in 2013, 2014, and 2015. See FLDOC Offender Network, available at http://www.dc.state.fl.us/offendersearch/ (Search: Barreiro, John; DC No. R18579, last viewed Jan. 9, 2020). He was sentenced to 5-7 ½ years in the custody of the Florida Department of Corrections ("FLDOC"). Judgment was entered on March 31, 2016.

According to Petitioner, the FLDOC notified him that Cherokee County, North Carolina had filed a detainer request related to pending charges in that county. Specifically, on June 6,

---

[1] The Petition was filed and docketed as a habeas petition pursuant to 28 U.S.C. § 2254, but because Petitioner does not challenge a state conviction or sentence, the Petition is considered under 28 U.S.C. § 2241.

2011, a Cherokee County grand jury issued a true bill of indictment charging Petitioner with possession of a firearm by a felon, in violation of N.C. Gen. Stat. § 14-415.1; the court issued an order for Petitioner's arrest on the indictment.[2] See Indict.; Order for Arrest (Doc. No. 1-1 at 5-7.).

Petitioner asserts that upon learning of the detainer, he began seeking disposition of the charges under the Interstate Agreement on Detainers Act ("IADA") without success. According to Petitioner, he has filed motions with unspecified "Cherokee County authorities," who have not responded. He contends that because of the detainer, he has been denied work release and community custody by the FLDOC. Petitioner filed the instant habeas petition arguing that Cherokee County's refusal to dispose of the charges pursuant to the IADA violates his rights to due process, a speedy trial, and equal protection under the law.

## II. STANDARE OF REVIEW

A careful review has been made of this Petition pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## III. DISCUSSION

The IADA is a "compact entered into by 48 States, the United States, and the District of

---

[2] According to Petitioner, the detainer also included a 2013 charge for a "driving violation."

Columbia to establish procedures for resolution of one State's outstanding charges against a prisoner of another State." New York v. Hill, 528 U.S. 110, 111 (2000). Under Article III of the IADA, when an inmate serving a prison sentence makes an appropriate request for disposition of an outstanding charge against him in another state, that "receiving" state has 180 days to retrieve the inmate for resolution of the outstanding charges against him in the receiving state. See N.C. Gen. Stat. § 15A-761. Upon consideration of the § 2241 Petition, this Court cannot conclude that Petitioner is not entitled to relief.

Petitioner has named the State of North Carolina and Cherokee County as Respondent's in this action. A habeas claimant ordinarily must name his immediate custodian at the time of filing. See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). So, where a petitioner challenges his "present physical confinement," that person is "the warden of the facility where the respondent is being held." Id. Thus, to the extent Petitioner claims a constitutional violation because the FLDOC has denied him work release and community custody due to the North Carolina detainer, he must raise that claim in the federal district court in Florida that has jurisdiction over the warden of his correctional facility. See id.; see also Nelson v. George, 399 U.S. 224, 225 (1970).

"[T]e immediate physical custodian rule, by its terms, does not apply when a habeas petitioner challenges something other than his present physical confinement[,]" however. Rumsfeld, 542 U.S. at 438. To the extent Petitioner challenges the lawfulness of the detainer and/or the pending North Carolina charges, the proper respondent is the North Carolina court or official who lodged the detainer. See id.

Having reviewed North Carolina's Agreement on Detainers, § 15A-761, it is not clear to this Court who or what entity should be named as the respondent in this action, as the Agreement refers variously to the court with jurisdiction over the indictment, the prosecuting official of that

3

judicial district, and the State, itself. Therefore, the Court shall direct the Clerk of Court to amend the docket to add the Superior Court of Cherokee County and the District Attorney for Cherokee County as respondents in this action.

**IT IS, THEREFORE, ORDERED** that:

1. The Clerk of Court shall amend the docket to add the Superior Court of Cherokee County and Ashley Welch, District Attorney, Prosecutorial District 43, as Respondents; the Clerk shall terminate "Cherokee County" as a respondent;

2. The Clerk of Court shall send copies of the § 2241 Petition and this Order to the Attorney General of North Carolina; the Cherokee County Clerk of Superior Court, 75 Peachtree Street, Suite 243, Murphy, NC 28906; and Ashley Welch, District Attorney, Macon County Courthouse, 5 West Main Street, Franklin, NC 28734;

3. Respondents shall have forty-five (45) days from entrance of this Order to file an answer, motion, or other responsive pleading addressing the § 2241 Petition; and

4. Any party improperly named as a respondent should file a motion for termination on that ground prior to the 45-day deadline for a responsive pleading.

Signed: January 12, 2020

Frank D. Whitney
Chief United States District Judge